IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KAREEM EUGENE HUNT, #361028  \*
  Petitioner,
v.           \*  CIVIL ACTION NO. RDB-17-634

J. PHILLIP MORGAN, *et al.*   \*
  Respondents.
          \*\*\*\*\*

## MEMORANDUM OPINION

Petitioner Kareem Eugene Hunt, an inmate confined at the Maryland Correctional Institution in Jessup, Maryland, has filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For reasons set forth below, the Petition shall be DENIED and DISMISSED as time-barred.

## BACKGROUND

On March 6, 2017, the Court received Hunt's self-represented Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition was signed on March 2, 2017, and shall be deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988); *United States v. McNeill*, 523 Fed. Appx. 979, 983 (4th Cir. 2013); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule.)

The Petition challenges Hunt's 2010 convictions in the Circuit Court for Howard County for armed robbery, attempted armed robbery, conspiracy to commit armed robbery, and related charges. On March 8, 2017, the Court issued an Order requiring Respondents to file an answer to the Petition within forty days and granted Hunt twenty-eight days to file a reply. ECF No. 3.

Respondents filed a Limited Answer to the Petition on April 21, 2017, seeking dismissal of the Petition premised on the argument that Hunt's claims are time-barred. ECF No. 4. Hunt has filed a Reply. ECF No. 5.

## DISCUSSION

### I. Petition

According to the state court docket, Hunt was indicted in May of 2009. In November of 2009 a jury convicted Hunt of multiple counts of armed robbery, attempted armed robbery, conspiracy to commit armed robbery, first-degree assault, and related handgun and firearm offenses. He was sentenced to an aggregate 50 years of incarceration. ECF No. 4-1 and ECF No. 4-2. Hunt's convictions were affirmed on direct appeal by the Court of Special Appeals of Maryland on March 30, 2011, with the mandate issued on April 29, 2011. ECF No. 4-2. Hunt sought no further appellate review. Therefore, his convictions became final for direct appeal purposes on May 16, 2011. *See* Md. Rule 8-302(a) (a petition for writ of certiorari must be filed within 15 days of the issuance of the mandate).

On September 19, 2011, Hunt filed a self-represented post-conviction petition, which was supplemented by a counseled petition on June 13, 2012. On October 15, 2012, Circuit Court Judge Richard Bernhardt denied post-conviction relief. ECF No. 4-1. Hunt's application for leave to appeal was denied by the Court of Special Appeals of Maryland on December 17, 2013. ECF No. 4-1 and ECF No. 4-3.

On October 6, 2014, Hunt filed a motion to correct an illegal sentence in the Circuit Court. ECF No. 4-1. The motion was denied by Circuit Court Judge Timothy McGrone on May 4, 2015. Hunt's appeal was denied by the Court of Special Appeals of Maryland on

2

January 15, 2016. ECF No. 4-4. His petition for writ of certiorari was denied by the Court of Appeals of Maryland on June 24, 2016. *See Hunt v. State*, 448 Md. 315 (2016).

Respondents maintain that even when considering the time that Hunt's collateral review motions were pending in the Maryland courts, his Petition is untimely under 28 U.S.C. § 2244(d)(2). There is no dispute that Hunt's conviction became final for direct appeal purposes on May 16, 2011. Respondents argue, however, that as Hunt's petition for post-conviction relief was pending from September 19, 2011 through December 17, 2013 and his motion to correct an illegal sentence was pending from October 6, 2014 through June 24, 2016, Hunt allowed an aggregate time of more than one year to run, without collateral review proceedings, before he filed this Petition on March 2, 2017.

In his Reply, Hunt seemingly argues that the statute of limitations period should commence after June 24, 2016, when the Court of Appeals of Maryland denied his petition for writ of certiorari. He asserts that as he filed his Petition within nine months of that ruling, he still had a "three month window" to file his § 2254 Petition. ECF No. 5.

**A. Limitations Period**

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in state court. See 28 U.S.C. § 2244(d). Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Hunt's conviction became final on May 16, 2011. From May 17, 2011 to March 2, 2017, when Hunt's § 2254 Petition was filed, no petitions for collateral review were pending in the state courts for approximately twenty-one months or 632 days. Therefore, Hunt's Petition is time-barred. His misguided explanation for statutory tolling under § 2244(d)(2) is incorrect and fails to take into consideration the period of time from 2011 through 2017, when no State collateral review proceedings were pending.

Under certain circumstances the AEDPA's statute of limitations may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000); *see also Wall v. Kholi*, 562 U.S. 545, 549 (2011). The Fourth Circuit has consistently held that a party seeking to avail himself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Further, to be entitled to equitable tolling a petitioner must show:

4

"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010), citing *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005).

Hunt has failed to make such a showing and has otherwise failed to demonstrate any ground on which equitable tolling applies. His petition for habeas corpus relief is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and shall be dismissed and denied with prejudice.

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an apppeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling," *Id.* at 478; *see also Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773-74 (2017).

5

Hunt's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that he has not made the requisite showing under *Slack*. The Court therefore declines to issue a certificate of appealability. Hunt may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Court dismisses the Petition for Writ of Habeas Corpus with prejudice as time-barred and declines to issue a Certificate of Appealability. A separate Order shall issue.

Date: August 15, 2017

/s/ R. D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE